IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARSHA L. VOGT, § | |
| § | |
| PLAINTIFF, § | |
| § | |
| V. § | CIVIL ACTION NO. H-03-1586 |
| § | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, § | |
| § | |
| DEFENDANT. § | |

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pending before the Court is Defendant's motion for summary judgment (Doc. 29). Having reviewed the record, the parties' briefs, and the applicable law, the Court **ORDERS** that the motion is **GRANTED**. Final judgment is entered in favor of Defendant.

**I.    BACKGROUND AND RELEVANT FACTS**

This is an employment discrimination suit against Defendant Nationwide Mutual Insurance Company ("Nationwide") by a former insurance auto claims adjuster. Hired in 1994, Plaintiff Marsha Vogt ("Vogt") worked as an "outside" field claims adjuster (*i.e.*, an adjuster who inspected wrecked vehicles in the field) until February 2002, when she was transferred to Nationwide's Houston Vehicle Evaluation Center ("VEC") to work as an "inside" adjuster, examining vehicles brought in to the VEC. Vogt continued to work in that position until she was discharged on October 27, 2003. Suing both under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000-e, *et seq.*, and under the Equal Pay Act, 29 U.S.C. §206(d), Vogt alleges the following:

1.  Her transfer to the Houston VEC was a demotion and was based on her sex.
2.  She received disproportionately low pay compared to Nationwide's male adjusters.

      3.      She was discriminated against on the basis of her sex when, after being assigned to the Houston VEC, she was not selected for a field adjuster position for which she applied.

      4.      She was subjected to unlawful sexual harassment.

      5.      She was discharged in October 2003 in retaliation for having filed a *Charge of Discrimination* with the EEOC on August 13, 2002, and for having filed this lawsuit on May 9, 2003.

For its part, Nationwide denies Vogt's allegations. According to Nationwide, Plaintiff was selected for transfer to an "inside" claims position (a) as part of organizational changes in Nationwide's claims handling; and (b) to emphasize her customer relations strengths. Furthermore, Nationwide asserts that there was no impermissible pay differential between Vogt and similarly situated male comparators, and that Vogt was not selected for transfer back to an outside adjusting position because another candidate was better qualified. Finally, Nationwide claims that Plaintiff's discharge was based on legitimate, non-discriminatory reasons wholly unrelated to her discrimination charge or lawsuit. Specifically, Nationwide asserts that Plaintiff's discharge was the direct result of her involvement in an incident involving the attempted theft of an insured's property.

## II.    LEGAL STANDARD

The movant seeking a federal summary judgment initially must inform the court of the basis for his motion and point out those portions of the pleadings, depositions, answers to interrogatories, and admissions on file that demonstrate the absence of a genuine issue of material fact and show that he is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant need not negate the opposing party's claims nor produce evidence showing an absence of a genuine factual issue, but may rely on the absence of evidence to support essential elements of opposing party's claims. *International Assoc. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental*

*Mfg. Co.*, 812 F.2d 219, 222 (5th Cir. 1987). The burden then shifts to the non-movant to set forth specific facts and competent summary judgment evidence to raise a genuine issue of material fact on each essential element of any claim on which he bears the burden of proof at trial. Fed. R. Civ. P. 56(c). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-moving party may not rest on mere allegations or denials in its pleadings, but must produce affirmative evidence and specific facts. *Anderson*, 477 U.S. at 256-57. He meets this burden only if he shows that "a reasonable jury could return a verdict for the non-moving party." *Id.* at 254. A mere scintilla of evidence will not preclude granting of a motion for summary judgment. *Id.* at 252.

All reasonable inferences must be drawn in favor of the non-moving party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574. 587-88 (1986), citing *United States v. Diebold*, 369 U.S. 654, 655 (1962). Once the burden of proof has shifted to the non-movant, he "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. at 586. Instead he must produce evidence upon which a jury could reasonably base a verdict in his favor. *Anderson*, 477 U.S. at 249. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.*, 477 U.S. at 249-50. Moreover the non-movant must "go beyond the pleadings and by her own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." *Webb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir. 1998). Unsubstantiated and subjective beliefs and conclusory allegations and opinions are not

3

competent summary judgment evidence. *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139-40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Texas Tech University*, 80 F.3d 1042, 1046 (5th Cir. 1996), *citing Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(*en banc*). The non-movant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the district court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998), *citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992).

### III.   ANALYSIS

Plaintiff has failed to demonstrate that her transfer from an "outside" to an "inside" adjuster position constituted an ultimate employment decision. Accordingly, Nationwide is entitled to summary judgment on Plaintiff's Title VII sex discrimination transfer claims. With respect to her Title VII and Equal Pay Act wage discrimination claims, the Court finds that Plaintiff has failed to marshal evidence demonstrating that she was paid less than comparable or similarly situated male employees for performing work requiring an equal level of skill, effort and responsibility under similar working conditions. Accordingly, Nationwide is entitled to summary judgment on those claims. Plaintiff's hostile work environment sexual harassment claim is barred by her failure to timely file an administrative charge of any such harassment. Finally, the record establishes that Plaintiff has failed to marshal any evidence demonstrating that

Nationwide's reasons for her discharge were a pretext for sex discrimination or retaliation. In sum, Nationwide is entitled to summary judgment on all of Plaintiff's claims.

A.     **Title VII Sex Discrimination Transfer Claims**

Plaintiff claims that Nationwide engaged in unlawful sex discrimination when it laterally transferred her from an "outside" to an "inside" adjuster position in February 2002 and when it subsequently failed to transfer her back to an "outside" position. In order to sustain a claim of sex discrimination under Title VII a plaintiff must show that she suffered an adverse employment action. *Urbano v. Continental Airlines, Inc*., 138 F.3d 204, 206 (5th Cir.1998). In this circuit, only "ultimate employment decisions" qualify as adverse employment actions for Title VII purposes. *Mattern v. Eastman Kodak Co*., 104 F.3d 702, 707 (5th Cir.1997). "Circuit precedent establishes that in cases where the evidence produces no objective showing of a loss in compensation, duties, or benefits, but rather solely establishes that a plaintiff was transferred from a prestigious and desirable position to another position, that evidence is insufficient to establish an adverse employment action." *Pegram v. Honeywell, Inc.,* 361 F.3d 272, 283 (5th Cir.2004). There is no dispute in this case that Plaintiff retained the same job title and compensation after her transfer to the VEC. Furthermore, Plaintiff has failed to marshal any evidence demonstrating that the transfer resulted in any material change in her job duties or was otherwise akin to a demotion. Under these circumstances, the Court finds that, as a matter of law, Plaintiff's transfer was not an ultimate employment decision and that Nationwide is entitled to judgment on this claim as a matter of law.[1]

---

[1] *See, e.g., Greene v. DaimlerChrysler Services of North America*, 2005 WL 794927 (5th Cir. Apr. 08, 2005) (slip) (African-American employee's transfer from local office to regional customer service center, after employer consolidated its customer service functions, was not an adverse employment action under Title VII); *Watts v. Kroger Co*., 170 F.3d 505, 511 (5th Cir. 1999) (changes in employee's work schedule and in her work assignments, not adverse employment decisions); *Burger v. Cent. Apartment Mgmt., Inc*., 168 F.3d 875 (5th Cir. 1999) (denial of request for a purely lateral transfer does not constitute an "ultimate employment action"); *Benningfield v. City of*

**B.      Title VII and Equal Pay Act Wage Discrimination Claims**

Under the EPA, an employer is prohibited from discriminating "between employees on the basis of sex by paying wages to employees in such establishment ... for equal work on jobs the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d)(1). To establish a prima facie case under the EPA, a plaintiff must show that: 1) her employer is subject to the EPA; 2) she performed work in a position requiring equal skill, effort, and responsibility under similar working conditions, and 3) she was paid less than the employee of the opposite sex providing the basis of comparison. *See Chance v. Rice Univ.,* 984 F.2d 151, 153 (5th Cir.1993). Once the plaintiff establishes a prima facie case, the burdens of production and persuasion shift to the employer to demonstrate that the disparate wage payments were made pursuant to: 1) a seniority system; 2) a merit system; 3) a system which measures earnings by quantity or quality of production; or 4) a differential based upon any other factors other than sex. *See* 29 U.S.C. § 206(d)(1). Title VII prohibits discrimination in compensation based on an individual's sex. *See* 42 U.S.C. § 2000e-2(a)(1). Generally, a Title VII wage discrimination claim parallels that of an EPA violation. *See Siler-Khodr v. Univ. of Texas Health Science,* 261 F.3d 542, 546 (5th Cir.2001). Unlike an EPA claim, however, to prevail under Title VII, the plaintiff must prove discriminatory intent. *See Lenihan v. Boeing Co.,* 994 F.Supp. 776, 797 (N.D.Tex.1998). Thus, in a disparate treatment case, the plaintiff must show that she occupies a job similar to that of higher paid workers of the opposite sex. *Id.* at 798. An employer seeking to rebut a prima facie case of employment discrimination need only "articulate" a legitimate non-discriminatory reason for its actions. *See Plemer v. Parsons-Gilbane,* 713 F.2d 1127, 1136 (5th Cir.1983). If the

---

*Houston*, 157 F.3d 369, 377 (5th Cir. 1998) (changing a work schedule, hours, or increasing an employee's workload are merely administrative decisions and not ultimate employment decision).

employer carries its burden of production, the plaintiff must prove by a preponderance of the evidence that the employer's reasons are a mere pretext for discrimination. *Id.* In contrast, as noted above, in an EPA case the defendant has the burden of persuasion if a plaintiff establishes a prima facie case. *Id.*

In its motion for summary judgment Nationwide specifically contended that Plaintiff had failed to marshal any evidence to support the second element of her *prima facie* case under the EPA:

> [P]laintiff has provided no evidence she "performed work in a position requiring equal skill, effort, and responsibility under similar working conditions." Plaintiff has provided no evidence she was assigned claims [that] required "equal skill, effort and responsibility under similar working conditions." In fact, it is undisputed plaintiff's technical skills were not her strength. Exhibit A, pp. 120-23, Attachments 6-9. She testified that as employees progress within Nationwide, they are expected to have advanced technical skills and are expected to "know how to handle things better on your own without having to, you know, ask as many questions." Exhibit A, p. 69. Plaintiff [h]as failed to produce any evidence her technical skills were clearly better than her male comparators. She cannot provide any evidence [that] the claims she was responsible for were equivalent to her male comparators, particularly given the fact she admitted her technical skills were not her strength. Therefore, plaintiff cannot establish her *prima facie* case.[2]

In her response, Plaintiff provides a lengthy, detailed narrative summary of her account of the events leading to this suit before presenting her "Arguments & Authorities" section.[3] However, nowhere in her response—that is, neither in her narrative summary nor in her "Arguments & Authorities" section—does Plaintiff point to evidence demonstrating that "she performed work in a position requiring equal skill, effort, and responsibility under similar working conditions." *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir.1993). Plaintiff argues that Nationwide utilized a seniority system and that under this system Vogt was paid a disproportionately low

---

[2] *Brief in Support of Defendant's Motion for Summary Judgment* (Doc. 30) at 15.
[3] *Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment* (Doc. 47) at pp. 1-20.

7

salary compared to her male counterparts.[4]  Plaintiff also argues that her male comparators were not as well qualified as Nationwide suggests, and that she was both better qualified and exhibited better work performance than these male employees.[5]  Even assuming Plaintiff's arguments and the evidence she points to raise material questions of fact *on those issues*, Plaintiff has failed to point to any evidence establishing that she in fact handled claims requiring equal skills to those of her male comparators, and that she therefore performed similar work under similar conditions.[6]  Having ignored this essential element of her claim, the Court must agree with Nationwide that Plaintiff has failed to establish a prima facie case under either the EPA or Title VII.  Accordingly, Nationwide is entitled to summary judgment on Plaintiff's wage discrimination claims.

C.     **Hostile Work Environment Sexual Harassment Claim**

It is undisputed that plaintiff's EEOC charge made no allegation of sexual harassment; instead, it alleged discrimination only regarding plaintiff's transfer to the VEC and wages.[7]  A timely EEOC charge is a jurisdictional prerequisite to suit, and a charging party's lawsuit is limited to the bases of discrimination contained in the EEOC charge.  *See Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 711 (5th Cir. 1994); *Anderson v. Lewis Rail Serv. Co.*, 868 F.2d 774, 775 (5th Cir.1989).  Suit may only be maintained based on allegations which reasonably could have been expected to grow out of the charge.  *Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir.1995); *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir.1993).  Where, as here, plaintiff's charge alleges discrete acts of discrimination such as transfers, denials of promotion, and wage discrimination, as a matter of law the charge will not

---

[4] *Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment* (Doc. 47) at 22.
[5] *Id.* at 23-30.
[6] *Chance v. Rice Univ.,* 984 F.2d 151, 153 (5th Cir.1993).
[7] *See* Doc. 30 Ex. A, Attachment 23.

support litigation based on unasserted allegations of sexual harassment. *See Dollis*, 77 F.3d at 779, 781 (because plaintiff's EEOC charge alleged only failure to promote, court had no jurisdiction over other Title VII allegations, including hostile work environment, harassment, and disparate treatment based on race and gender). Accordingly, Nationwide is entitled to summary judgment on this claim.

**D.     Discriminatory and Retaliatory Discharge Claims**

Plaintiff's employment with Nationwide was terminated on 27 October 2003. Nationwide asserts that Plaintiff was terminated because of her involvement in an incident in which another Nationwide employee, Kay Grohman ("Grohman"), attempted to take the console from an insured's wrecked vehicle so that she could use the console in her own car. Plaintiff alleges that she was terminated on the basis of her sex and / or in retaliation for her complaints of sex discrimination, in particular for having filed a *Charge of Discrimination* with the EEOC on August 13, 2002, and for having filed this lawsuit on May 9, 2003.

To establish her prima facie case of discriminatory discharge, Vogt "must show that [male] employees were treated differently under circumstances 'nearly identical' to [hers]." *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir.1995) (citations omitted). This Vogt has failed to do. Vogt does not dispute that (1) Grohman directly sought her help in removing the console and (2) she (*i.e.*, Vogt) in fact helped Grohman remove the console from the truck. Vogt contends, however, that she asked another Nationwide employee, Roberto Gonzalez, to help her remove the console, because she was unable to complete the removal herself.[8] Gonzalez helped Vogt by showing her how to loosen the console and by letting her use his tools.[9] When the incident was discovered and an investigation was conducted, however,

---

[8] Doc. 48 Ex. A ¶ 27.
[9] *Id.*

Vogt was terminated and Gonzalez was not. Furthermore, Vogt contends that another male employee, Dan Cassens ("Cassens"), had knowledge of the console incident but failed to report it. Cassens was interviewed during the investigation but, like Gonzalez, he was not punished. Thus, according to Vogt, she was the victim of disparate treatment based on her sex.

Vogt's contentions lack merit. Neither Cassens nor Gonzalez were "similarly situated" to Vogt for Title VII purposes. Cassens had no direct involvement whatsoever in aiding Grohman's attempted theft of the console. As to Gonzalez, there are at least two critical distinctions between his situation and Vogt's:

> (1) Like Cassens, Gonzalez never *directly* helped Grohman. By Plaintiff's own account, *she* asked Gonzalez to help *her* loosen a console in a truck. Plaintiff does not allege that she told Gonzalez that she was helping Grohman, or that she told Gonzalez what would happen to the console.
>
> (2) Unlike Plaintiff, Gonzalez ultimately reported the console incident to Nationwide supervisors. Indeed, Plaintiff herself states that Gonzalez's report "prompted the investigation of the incident."[10]

Thus, with respect to her discriminatory discharge claim, the Court finds that Plaintiff has failed to demonstrate that any similarly situated males were treated differently under circumstances nearly identical to hers. Accordingly, Nationwide is entitled to summary judgment on this claim.

With respect to her retaliation claim, Plaintiff must demonstrate that "a causal connection exists between [her] protected activity and the adverse employment action." *Jaynes v. Pennzoil Co.,* 207 F.3d 296, 299 (5th Cir.2000). Plaintiff's termination occurred 14 months after she filed her *Charge of Discrimination* with the EEOC and five months after she filed this lawsuit. The Court therefore finds that Plaintiff cannot rely on temporal proximity to establish a causal connection.[11] Furthermore, Plaintiff has failed to marshal any evidence to demonstrate that

---

[10] Doc. 48 at 15-16.
[11] *See Clark County School Dist. v. Breeden,* 532 U.S. 268, 273 (2001) ("The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient

Nationwide's proffered reason for her discharge was pretextual. As noted above, Plaintiff does not dispute that she in fact loosened the console at Grohman's direction--though she does contend that she was unaware of Grohman's true intentions. Furthermore, there is no dispute that several months prior to the console incident Plaintiff received a written warning in connection with another disciplinary incident involving the modification of customer signatures on power of attorney forms. Following an investigation of that incident, which resulted in the reprimanding and termination of several male employees,[12] Vogt received a written warning which stated the following: "Should any future instances of this behavior, or any other dishonest acts or violations of our corporate policies or Values (such as Honesty and Integrity), [occur,] your employment with Nationwide may be terminated."[13] Under these circumstances, and without any other evidence from Plaintiff to indicate pretext, the Court finds that Nationwide is entitled to summary judgment.

---

evidence of causality to establish a prima facie case [of retaliation] uniformly hold that the temporal proximity must be 'very close.'"); *Sowell v. Alumina Ceramics, Inc.,* 251 F.3d 678, 685 (8th Cir.2001) (seven-month lapse too long for incidents to be temporally and causally related); *Richmond v. ONEOK, Inc.,* 120 F.3d 205, 209 (10th Cir.1997) (three-month period insufficient to establish causal connection); *Grizzle v. Travelers Health Network, Inc.,* 14 F.3d 261, 268 (5th Cir.1994) (lapse of 10 months between protected activity and subsequent adverse employment action suggests that retaliatory motive was "highly unlikely"); *Hollander v. American Cyanamid Co.,* 895 F.2d 80, 85-86 (2d Cir.1990) (same).

[12] Doc. 30 Ex. A pp. 141-43.
[13] *Id.* at attach. 18.

11

**IV. CONCLUSION**

For the foregoing reasons, the Court finds that Nationwide is entitled to summary judgment on all of Plaintiff's claims. Final judgment will be entered in favor Defendant.

**SIGNED** at Houston, Texas, this 1st day of August, 2005.

```
                             _____
                                       MELINDA HARMON
                             UNITED STATES DISTRICT JUDGE
```

12